UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE:   Case No.: 15-21800 | ) | |
| | ) | |
| EARLENE DOUGLAS, | ) | |
| | ) | |
| Debtor. | ) | |
| ********************************* | ) | |
| DANIEL L. FREELAND, Trustee | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adversary Proceeding No.: |
| v. | ) | CHAPTER 7 |
| | ) | |
| EARLENE DOUGLAS, EARLENE | ) | |
| DOUGLAS Custodian fbo KALEB D. | ) | |
| TORRENCE, UGMA-INDIANA and | ) | |
| KALEB D. TORRENCE, a Minor, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff, Daniel L. Freeland, Trustee, by counsel, and pursuant to Sections 544, 548 and 550 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Rules") and Indiana Code § 32-18-2 *et seq.*, brings this adversary proceeding to avoid, set aside and recover certain fraudulent transfers. In support thereof, Plaintiff states as follows:

### Jurisdiction and Venue

1. Earlene Douglas ("Debtor") is an individual residing at 7165 Birch Avenue, Gary, Indiana.

2. On June 5, 2015 (the "Petition Date"), Debtor filed a Chapter 7 petition under the Bankruptcy Code.

3. The United States District Court, pursuant to 28 U.S.C. § 1334, has original exclusive

jurisdiction over all cases under the Bankruptcy Code, as well as original but not exclusive jurisdiction over all proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code.

4. Pursuant to 28 U.S.C. § 157(a), the District Court may refer to the bankruptcy judges for the district any and all cases under the Bankruptcy Code and any and all proceedings arising in, arising under, or related to a case under the Bankruptcy Code.

5. The United States District Court for the Northern District of Indiana has, pursuant to Local Rule 200.1 ("L.R. 200.1"), provided for the referral of all bankruptcy cases and all related adversary proceedings, to the United States Bankruptcy Court for the Northern District of Indiana.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

7. As required by Rule 7008 of the Rules, Plaintiff states that Counts I and II are "core proceedings" pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

## The Parties

8. Plaintiff, Daniel L. Freeland, is the duly appointed, qualified and acting Trustee in this case, whose office is located at 9105 Indianapolis Blvd., Highland, Indiana 46322.

9. Earlene Douglas, custodian for the benefit of Kaleb D. Torrence under the Gift to Minors Act of Indiana is custodian for the minor, Kaleb D. Torrence.

10. That Kaleb D. Torrence is a minor to the best of the Plaintiff's knowledge residing at 7029 Kona Drive, Gainsville, Virginia.

## Background Allegations Common to All Counts

11. Debtor in her Statement of Financial Affairs reflected that she was holding a $10,000.00 church building bond for Kaleb D. Torrence.

12. Debtor testified at her 341 meeting that the funds to purchase the bond were her funds

2

and that she purchased the bond for her grandson, Kaleb D. Torrence.

13. That Debtor was presently holding the bond as a custodian for the benefit of Kaleb D. Torrence.

14. That demand has been made upon her for the turnover of the bond or the value of said bond. A copy of said bond is attached hereto, made a part hereof and marked as Exhibit "A".

## COUNT I

### Action to Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 548

15. Plaintiff realleges the allegations set forth in Rhetorical Paragraphs 1 through 14 and incorporates the same herein as if stated in full.

16. That said transfer of funds in the amount of $10,000.00 for the purchase of a bond by the Debtor for the Debtor's grandson, Kaleb D. Torrence, is a fraudulent transfer and the Trustee has the power to avoid fraudulent transfers and distribute the funds to creditors of the estate.

17. The transfer constituted a transfer of Debtor's property within two years of the Petition Date.

18. Debtor voluntarily:

    (a) made such transfer with actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made, indebted; or

    (b) Debtor received less than a reasonably equivalent value in exchange for such transfer; and

        (i) Debtor was insolvent on the date that such transfer was made, or became insolvent as a result of such transfer;

        (ii) Debtor was engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital;

    (iii) Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured; or

    (iv) Debtor made the transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

19. Section 548 of the Bankruptcy Code permits the Trustee to avoid this transfer.

20. Said funds are an asset of Debtor's estate pursuant to 11 U.S.C. § 541.

21. Section 550(a) of the Bankruptcy Code permits the Plaintiff to recover the property transferred from the Debtor, from the immediate or mediate transferees, or the person for whose benefit the transfer was made. That, in fact, Earlene Douglas, custodian for the benefit of Kaleb D. Torrence under the Uniform Gift to Minor Act of Indiana, and Kaleb D. Torrence were the immediate transferees.

22. Pursuant to 11 U.S.C. § 542, the $10,000.00 is an asset of Debtor's estate and said named Defendants are required to turn over said amount to Plaintiff.

WHEREFORE, the Plaintiff asks the Court for an Order:

A. Entering a judgment in favor of Plaintiff and against Defendants, Earlene Douglas, Earlene Douglas custodian for the benefit of Kaleb D. Torrence, UGMA - Indiana, and Kaleb D. Torrence, a Minor, avoiding the fraudulent transfer of $10,000.00;

B. Entering a money judgment against Defendants in favor of Plaintiff under § 548;

C. Award Plaintiff his reasonable costs and attorney fees incurred herein;

D. Pre-judgment interest; and

E. All other relief just and proper in the premises.

4

DANIEL L. FREELAND & ASSOCIATES, P.C.

/s/ *Daniel L. Freeland*
Daniel L. Freeland
Attorney for Plaintiff
9105 Indianapolis Blvd.
Highland, IN 46322
(219) 922-0800

## COUNT II

### Action to Avoid Fraudulent Transfer Pursuant to I.C. § 32-18-2, et seq.

23. Plaintiff realleges the allegations set forth in Rhetorical Paragraphs 1 through 22 and reincorporates the same herein as if stated in full.

24. Indiana Code § 32-18-2-14 of the Indiana Uniform Fraudulent Transfer Act permits the Plaintiff to avoid this transfer.

25. That pursuant to 11 U.S.C. § 544 the Trustee stands in the shoes of an unsecured creditor having the power to avoid a fraudulent transfer under state law.

26. That there are unsecured creditors that existed since the date of bankruptcy that were in existence as of the date of the fraudulent transfer.

27. The transfer was made within the applicable period of statute of limitations in that the transfer was made within the past four years.

28. The transfer was fraudulent as to present and future creditors in that the transfer was made under the following conditions and circumstances:

    (a) with the actual intent to hinder, delay, or defraud any creditor of the Debtor; or

    (b) without receiving a reasonably equivalent value in exchange for the transfer, and Debtor:

        (i)    was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

        (ii)    intended to incur or believed or reasonably should have believed that the Debtor would incur debts beyond the Debtor's ability to pay as the debts became due.

29.    The transfer was fraudulent as to present creditors in that the transfer was made under the following conditions and circumstances:

    (a)    The Debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and

    (b)    the Debtor:
        (i)    was insolvent at that time; or

        (ii)    became insolvent as a result of the transfer or obligation.

30.    Section 550(a) of the Bankruptcy Code permits the Plaintiff to recover the property transferred from the Debtor, from the immediate or mediate transferees, or the person for whose benefit the transfer was made. That, in fact, Earlene Douglas, custodian for the benefit of Kaleb D. Torrence under the Uniform Gift to Minors Act of Indiana, and Kaleb D. Torrence were the immediate transferees.

31.    Pursuant to 11 U.S.C. § 542, the $10,000.00 is an asset of Debtor's estate and Defendants are required to turn over said amount to Plaintiff.

WHEREFORE, the Plaintiff asks the Court for an Order:

A.    Entering a judgment in favor of Plaintiff and against Defendants avoiding the fraudulent transfer of $10,000.00;

B.  Entering a money judgment against Defendants in favor of Plaintiff under § 544 and § 550;

C.  Award Plaintiff his reasonable costs and attorney fees incurred herein;

D.  Pre-judgment interest; and

E.  All other relief just and proper in the premises.

Respectfully submitted:

DANIEL L. FREELAND & ASSOCIATES, P.C.

*/s/ Daniel L. Freeland*
Daniel L. Freeland
Attorney for Plaintiff
9105 Indianapolis Blvd.
Highland, IN 46322
(219) 922-0800

# PLEASE RETAIN THIS COPY FOR YOUR RECORDS
## ACKNOWLEDGEMENT OF BOOK ENTRY

---

**ST TIMOTHY COMMUNITY CHURCH INC**
**FIRST MORTGAGE BONDS - SERIES 2014**
**GARY, IN**

*EARLENE DOUGLAS CUST FBO
KALEB D TORRENCE UGMA-IN
7165 BIRCH AVE
GARY, IN 46403-2040

| TAXPAYER I.D. | EFFECTIVE DATE | MATURITY DATE | INTEREST RATE | INTEREST PAYABLE |
|---|---|---|---|---|
| XXX-XX-4732 | 3/15/14 | 9/15/32 | 7.00 | COMPOUND SEMI-ANN. |

| PRINCIPAL AMOUNT | TRUST NO. | BOND NO. | CUSIP NO. |
|---|---|---|---|
| 10,000.00 | 6106 | 37006-00 | 006106 37 C |

---

**Important Bondholder Information**

The above bond has been registered in your name as shown, in book entry form only. Carefully check all information above and notify us immediately of any corrections. You may mark your changes on this form and return it to the address listed below.

**NO BOND CERTIFICATE WILL BE PRINTED.** Therefore, this confirmation will not have to be presented at maturity for payment.

All checks, notices and IRS forms 1099 will be sent to the address above. Be sure to notify us promptly whenever your address changes. Please send address changes to:

HERRING BANK
CORPORATE TRUST
PO BOX 2585
AMARILLO, TX 79105
Phone: (800)753-1439

**Instructions for Transfer of this Bond**

If you sell this bond, use the Bond Power on the reverse side to transfer this bond to the new owner. Note these signature requirements:

| Type of Registration | Who must Sign |
|---|---|
| Individual | Owner |
| Joint | All Owners |
| UGMA/UTMA | Custodian for minor |
| Trusts | Trustee |
| Corporation | Officer(s) |

Signatures must be guaranteed (not notarized) by a participant in a medallion program.

The new owner must complete and sign the W-9 form printed below the Bond Power, then return this form to Herring Bank.

---

TRUSTEE, REGISTRAR & PAYING AGENT
**HERRING BANK**
**CORPORATE TRUST**
**PO BOX 2585**
**AMARILLO, TX 79105**

EXHIBIT · A ·

EXHIBIT "A"

## ADDITIONAL PROVISIONS

If an event of default, as defined in the Indenture, shall have occurred and be continuing, the principal hereof may be declared due and payable in the manner and with the effect provided in the Indenture. As provided in the Indenture and subject to certain limitations therein set forth, a Bond is transferable on the bond register of the Issuer as maintained by Registrar upon surrender of a Bond for transfer at the office of Registrar, duly endorsed by, or accompanied by a written instrument of transfer in form satisfactory to Registrar duly executed by the registered holder hereof or his attorney duly authorized in writing, and thereupon a new Bond in the same principal amount, interest rate and maturity date, will be issued to the designated transferee or transferees.

Upon the written request by holder of any Bond issued under the terms of the Indenture, Issuer shall provide such Bondholder with the financial information of Issuer.

A reasonable service charge may be required to be paid to Registrar for any transfer or exchange of the Bond.

The Acknowledged Bond may be subject to redemption by Issuer prior to its Stated Maturity.

No assignment or transfer of a Bond shall be effective unless such assignment or transfer is recorded on the records of Issuer and/or Registrar as provided in the Indenture. Neither Issuer nor registrar/Paying Agent shall be responsible for the payment of the Principal Amount or Interest Payable upon a Bond except to the person in whose name the Bond is registered at the time of such payment.

### FOR VALUE RECEIVED

_____ Name of Current Owner _____ hereby sells, assigns and transfers unto

_____ Name of New Owner _____

Address | City | State | Zip | Social Security Number

the within Bond, and does hereby irrevocably constitute and appoint the Registrar to transfer the Bond on the books of the within named Issuer with full power of substitution in the premises. The name, mailing address and social security number of the new owner must be provided before transfer can be completed.

Dated _____

In presence of _____

Signed exactly as his or her name appears hereon _____

If Joint Ownership, all certificate holders must sign _____

Signature must be *MEDALLION GUARANTEED* _____

**NEW BOND OWNER:** Please check this form for accuracy before you sign. Bond will be registered exactly as shown. You will be charged a fee per bond if you require further changes. You must sign below to verify your Social Security number.

A 'Book Entry' form will be issued to the new owner.

### Social Security Number Verification

Under penalties of perjury, I certify (1) that the number shown on this form is my correct taxpayer identification number, and (2) that I am not subject to backup withholding because (a) I have not been notified that I am subject to backup withholding as a result of failure to report all interest or dividends, or (b) the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

_____ | _____ | _____
Signature of New Bond holder whose number is above | SS# or TIN above | Date

TRUSTEE, REGISTRAR & PAYING AGENT
**HERRING BANK · CORPORATE TRUST · PO BOX 2585 · AMARILLO, TX 79105**

GREAT NATION INVESTMENT CORPORATION         Bond Confirmation (Initial Public Offering)    B/E

5408-A BELL STREET                                   Transaction #: 1-6106-0091         Solicited

AMARILLO, TX 79109                                   Transaction Date: 05-12-2014       BOOK ENTRY FORM

                                                Trust:        SAINT TIMOTHY COMMUNITY CHURCH
                                                              GARY, IN 46404

        EARLENE DOUGLAS CUST FBO                Registration: XXX-XX-4732
        KALEB D TORRENCE UGMA-IN
        7165 BIRCH AVE                                        EARLENE DOUGLAS CUST FBO
        GARY, IN 46403                                        KALEB D TORRENCE UGMA-IN
                                                              7165 BIRCH AVE
                                                              GARY, IN 46403

                                                Agent #: 271
                                                Agent:   TIMOTHY MATHENY
Instructions:                                   Phone:   719-634-3400
You Bought:                                              719-634-3400

                                         Description

| Face Amount | Int. Rate | Int. Type | Maturity | Interest Begins | Interest Frequency | Price per $1,000 | Discount per $1,000 | Discount/Premium | Accrued Interest | Sub-total |
|---|---|---|---|---|---|---|---|---|---|---|
| 10000 | 7.00 | CI | 09-15-32 | 03-15-14 | Semi-Annually | 1,000.00 | 0.00 | 0.00 | 0.00 | 10,000.00 |
| CHRC4107186 | | | | | | | | | | |
| 10,000 | | | | | | | | | 0.00 | 10,000.00 |

                                                                    Commission:         0.00
                                                                    Handling Charges:   0.00

                                                        **Amount Paid:       10,000.00**

                                    CORRECTED

These bonds are sold for investment purposes to be held to maturity. Great Nation Investment Corp. has acted as Agent in this transaction. This confirmation gives the specific details of your investment. Any errors should be reported to your broker. The security described above may be redeemed before maturity and may affect yield.  Call for additional information or refer to your prospectus.
    According to our records, you already possess a prospectus.  THANK YOU!
To inquire about your agent or Broker, go to www.finra.org/BrokerCheck or call BrokerCheck Hotline @ 800-289-9999 for information about "BrokerCheck."

                          ** ** ** P R I V A C Y   S T A T E M E N T ** ** **

WE COLLECT NONPUBLIC PERSONAL INFORMATION ABOUT YOU FROM THE FOLLOWING SOURCES:
    INFORMATION WE RECEIVE FROM YOU ON APPLICATIONS OR OTHER MEANS
    INFORMATION ABOUT YOUR TRANSACTIONS WITH US OR OTHERS
WE DO NOT DISCLOSE ANY NONPUBLIC PERSONAL INFORMATION ABOUT OUR CUSTOMERS OR FORMER CUSTOMERS TO ANYONE EXCEPT AS PERMITTED BY LAW.
WE RESTRICT ACCESS TO NONPUBLIC INFORMATION ABOUT YOU TO THOSE EMPLOYEES WHO NEED TO KNOW THAT INFORMATION TO PROVIDE PRODUCTS
OR SERVICES TO YOU.  WE MAINTAIN PHYSICAL, ELECTRONIC AND PROCEDURAL SAFEGUARDS THAT COMPLY WITH THE FEDERAL STANDARDS TO GUARD
                         (806) 353-6767 * (800) 642-GNIC * FAX (806) 353-9691                                    Customer

PAGE: 1

COMBINED TAX STATEMENT
FOR YEAR    2014

Herring Bank
Corporate Trust
P.O. Box 2585
Amarillo, Tx. 79105

This statement reports 1099-INT (OMB No. 1545-0112) and 1099-OID (OMB No. 1545-0117).
DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE

EIN OF PAYER: 75-0330569
CUSTOMER SERVICE TELEPHONE NUMBER: 806-378-1810

TAXPAYERS ID: 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   ACCT #: 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

EARLENE DOUGLAS CUST FBO
KALEB D TORRENCE UGMA-IN
7165 BIRCH AVE
GARY            IN 46403-2040

For Forms 1099-INT and 1099-OID: This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

1099-OID ORIGINAL ISSUE DISCOUNT

| ORIGINAL ISSUE DISCOUNT(1) | TRUST# | CHURCH | CITY/STATE | | PRINCIPAL | INTEREST RATE | MATURITY DATE |
|---|---|---|---|---|---|---|---|
| 561.31 | 6106 | ST TIMOTHY COMMUNITY CHURCH INC | GARY | IN | 10,000 | 7.00 | 09/15/32 |
| | | | | TOTAL OID AMOUNT (1): | | | 561.31 |

PLEASE NOTE:
   INQUIRIES REGARDING THESE ACCOUNTS SHOULD BE DIRECTED TO OUR CUSTOMER SERVICE PHONE NUMBER ABOVE.  PLEASE CHECK YOUR TAXPAYER IDENTIFICATION NUMBER AND CALL THE NUMBER LISTED ABOVE IF IT IS INCORRECT.

   *FORM 1099-OID: THIS MAY NOT BE THE CORRECT FIGURE TO REPORT ON YOUR INCOME TAX RETURN; SEE INSTRUCTIONS ENCLOSED

*[handwritten: for St Timothy annuity for hall]*